Filed 11/25/25  In re R.S. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | B342787 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Superior Court No. 24PSJP00048A |
| Plaintiff and Respondent, | |
| v. | |
| S.S., | |
| Objector and Appellant; | |
| S.Y., | |
| Defendant and Respondent; | |

APPEAL from an order of the Superior Court of Los Angeles County, Stacy Wiese, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Objector and Appellant.

No appearance for Plaintiff and Respondent.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Respondent.

Jamie A. Moran, under appointment by the Court of Appeal, for Respondent Minor R.S.

———————————

A father challenges a dispositional order that continued court supervision and that provided services to him, his ex-wife, and his special needs daughter. He mistakenly relies on law relating to *postdisposition review hearings* to argue the juvenile court should have terminated jurisdiction *at the disposition stage*. We affirm the challenged order. Code citations are to the Welfare and Institutions Code.

In February 2024, the child reported a disagreement with her mother had escalated into physical abuse by the mother. The child was nine. The mother denied any abuse.

The juvenile court detained the child from the mother and released her to the father. The parents had been divorced for several years, and the mother had been the child's primary caregiver.

The father kept the child in therapy and participated in sessions with her. He requested the child's passport so he could take her to his home country of Morocco. The mother feared the father intended to stay there. The court provisionally denied the request; then the father withdrew it.

The Los Angeles County Department of Children and Family Services investigated the family and learned the child had significant behavioral and emotional issues. For example, the child was violent and dishonest with peers and school staff. The child had diagnoses of attention-deficit/hyperactivity

2

disorder and oppositional defiant disorder. She also had an Individualized Education Program due to emotional disturbance.

There were past reports of physical abuse by the mother and by school employees, none of which were substantiated.

In this investigation, various participants believed the child (and her father) that the mother had mistreated the child in February 2024 and in the past. Some did not believe this abuse happened.

Each parent appeared to pit the child against the other.

School officials initially reported the child's behavior improved drastically after she moved in with the father. But as delays in the adjudication mounted, the child's behavior escalated. Shortly before the adjudication and disposition hearing, the child had been suspended from school for aggressive behavior and rule breaking; she had attacked a social worker; and she was not listening to her therapist.

The hearing finally took place in December 2024. The mother pleaded no contest to an amended count of inappropriately disciplining the child due to her inability to handle the child's behavioral problems.

Regarding disposition, the Department and the father urged the court to terminate jurisdiction with a custody order. They emphasized the father had provided safe and appropriate care for the minor for seven months.

The mother and the child opposed, arguing it was in the child's best interests for them to reunify. Their visits had been going well, the child wanted to live with the mother eventually, and it was premature to close the case without conjoint therapy.

The juvenile court sided with the mother and the child, concluding the case was not ready to close. The court reasoned

the mother had been the child's primary caregiver until these proceedings and the child wanted to maintain their relationship. The child was still volatile. In light of her special needs, she required "both of her parents to be there to make sure that she can grow up to be a productive adult in this world."

The court declared the child a dependent, removed her from the mother, and placed her with the father. The court also ordered monitored visitation for the mother and services for both parents and the child.

The father argues maintaining jurisdiction was an abuse of discretion because, for seven months under his care, the child was free from safety concerns. He centrally relies on a code provision relating to postdisposition review hearings—section 364—and on cases construing this provision or otherwise not challenging dispositional orders, to argue the conditions justifying jurisdiction no longer existed. (See *Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 303–304 (*Bridget*) [explaining section 364]; *In re Destiny D.* (2017) 15 Cal.App.5th 197, 206–207 (*Destiny*) [same].)

The mother and the child again oppose the father, arguing the juvenile court appropriately focused on the child's wellbeing in keeping the case open. They note the applicable provision is section 361.2, not section 364.

Section 361.2 explicitly enables juvenile courts to place a dependent child with a noncustodial parent, *subject to the court's supervision*, and to order services for both parents. (§ 361.2, subds. (a) & (b)(3).) At this stage, courts consider whether there is a need for continued supervision, not whether the conditions justifying jurisdiction in the first place still exist. (*Bridget*, *supra*, 148 Cal.App.4th at p. 315, fn. 19.)

4

The mother and the child correctly maintain the challenged orders fell within the court's discretion.

Juvenile courts have broad authority at disposition to enter orders protecting a dependent child, reuniting the family, and terminating jurisdiction. (*Destiny*, *supra*, 15 Cal.App.5th at p. 207; see also § 362, subd. (a) [court may "make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support" of dependent children].) But "it will be an unusual case when protections imposed at disposition will be sufficient to permit the conclusion that termination is appropriate." (*Destiny*, *supra*, 15 Cal.App.5th 197 at p. 211; see also *Bridget*, *supra*, 148 Cal.App.4th at p. 302 ["In most cases at the disposition hearing the court determines what services the child and the family need to be reunited and free of court supervision"].)

The father did not show this was an unusual case. Nor did he show any abuse of discretion.

The juvenile court was concerned the father was trying to cut the mother out of the child's life, including by refusing to approve the proposed monitor for the mother's visits with the child. Substantial evidence supported this finding.

The court appropriately determined this special needs child needed both parents in her life to have her best chance at thriving.

The child wanted the mother in her life, too. In the months leading up to the adjudication/disposition hearing, when the child lived with her father, she consistently said she wanted to visit her mother. The child had spent most of her life with her mother and missed her.

5

It was not an abuse of discretion to honor the child's wishes, to recognize the mother needed help in safely managing her child's complex needs, and to maintain jurisdiction at the disposition stage to supervise this work and protect the child during this period of repair.

## DISPOSITION

We affirm the disposition order.



WILEY, Acting P. J.


We concur:



VIRAMONTES, J.



UZCATEGUI, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6